UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold G. Moultrie;<br>Dolly Moultrie,<br><br>                    Plaintiff,<br><br>vs.<br><br>Allison Blankinship;<br>Vanderbilt Mortgage;<br>Joey Velez;<br>Kershaw Spong:<br>George J. Morris;<br>Charlie L. Whirl;<br>Mikell R. Scarborough;<br>Mickael D. Coleman;<br>Coleman Law Firm;<br>Ernie L. Mixon;<br>North Charleston Planning Board;<br>Charleston Planning Board,<br><br>                    Defendants. | ) C/A No. 2:11-01097-RMG-BHH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The Plaintiffs' Complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[1]  *See Fitzgerald v. First East Seventh*

---

[1] Authority in this District indicates that pre-screening, under 28 U.S.C. § 1915, is inapplicable in *pro se,* non-prisoner, fee-paid cases. *See Bardes v. Magera*, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134 at *8-10 (D.S.C. June 25, 2008)(finding persuasive the Sixth Circuit's opinion in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999), that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*); *Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order)(finding that a *pro se* non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915

(continued...)

1

*Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989) (mentioning in *dicta* that "[s]tatutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Pillay v. INS*, 45 F.3d 14, 16-17 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable, however, the Court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004) (finding it appropriate to dismiss *sua sponte* and with prejudice a fee-paying *pro se* plaintiff's action when the claims presented no arguably meritorious issue to consider); *Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000) (dismissing a non-prisoner *pro se* fee-paid civil action that presented no arguably meritorious claim).

As the Plaintiffs are *pro se* litigants, their pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999),

---

[1](...continued)
applies to the case). This Court is *not* conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2).

or construct the plaintiff's or petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Further, the requirement of liberal construction does not allow the court to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiffs allegations against the Defendants are stated below, verbatim:

Kershaw Spong: File false information to the Court when there never was a contract in place for new home. No site plan, land not big enough to put moble home, no permit. The wright home never got delivered. Tax Payed a year before the contract.

George J. Morris, Attorney at Law: Give us a TMS no. and title to a property that was gone and address with a lein on it. TMS 475-0200008. Dated, April 6, 1997. Then wait a year to file it 18/May/98.

Allison Blankinship, as Clayton Moble Hom: Country Squire as Clayton Moble home. This Company entered into a contract with out site plan, no permit, wrong home, a land that appx. Val. $1900.00 was apr for 52,350 without a home for the comp or the saleman pocket. There are two mobile home with the same serial number listed at the tax office. The first mobile home's manufacturer is Clayton and the model is Classic with the serial number being WH015339GAAB. Second mobile home Mfg is unknown and model is Oakwood with the exact same serial number WHO15339GAAB. Plese notice on tax document both mobile home has the exact same serial number, size, year, purchase date, and purchase amount. The Clayton Classic is not the one we made deal on but it was delivered to us.

Vanderbilt Mortgage and Finance Inc.: Give money to Allison Blankinship for a undone contract with no site plan, no permit, false lawyer.

Ernie L. Mixon, Attorney at Law: Used a TMS No. 475-02-00008 in a mortgage and in title 3/28/97 then change to 475-02-00038 later.

3

>Charlie L. Whirl, Attorney at Law: Did not put our proposed order in on the time the Judge order. Change the court paper and title to get rid of the fraud paperwork that George Morris and Vanderbuilt Mortgate did. Appeal.
>
>Charleston County Sheriff Department: The Moultrie would love to stay untill case solve Please. This is a emergency.
>
>Mikell R. Scarborough as Master in Equity: Closed us down on a fraud that was heard in his court. No HUB 1 file, no site plan, no permit, wrong home, he did not solve the problem in his court. He said it is a hard decission to make. He send us all home give hisself 30 days to decide. It take 30 days for him to tell us he foreclose us.
>
>Coleman Law Firm: Play as two lawyer in my mortgage. He leave his name off the paperwork. But he rewrigh the contract print my name and sign the bank paper for the money only. Play as two lawer me and the mortgage co. Last seen cleaning car. Never in his office. Working at a car lot.
>
>Clayton Mobile Home and Coutry Squire Home, To: Joey Velez, Sale Associate: Didn't put the righ mobile home on the contract. Sole our new home and give us a diffent one with out telling us before he delivered it. Us a fake apprisil to value the property more than it in on same day of sale. Send us to same lawyer that represent his company.

It is noted that the Complaint contains no factual allegations against the North Charleston Planning Board or the Charleston Planning Board, but does seek permission to remain on the property from the Charleston County Sheriff, who is not a named defendant in the Complaint's caption or "parties" section. The "relief" section of the Complaint states: "Have each Defendant pay for the damage and the propertys back."

## Discussion

In order for a court to hear and decide a case, the court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no

4

presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A Plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). *See also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.] " If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. However, the allegations contained in the Plaintiffs' Complaint do not fall within the

5

scope of either form of this Court's limited jurisdiction. First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). The Court has no diversity jurisdiction over this case because, according to the Plaintiffs' Complaint, they and several of the Defendants are residents of South Carolina. In absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs' allegations do not assert that the Defendants have violated a federal statute or constitutional provision, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint. Instead, Plaintiffs' Complaint involves a routine contract dispute and allegations of legal malpractice. Generally, such issues are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See Tigrett v. Rector and Visitors of the University of Virginia*, 290 F.3d 620, 626 (4th Cir. 2002)(affirming district court's dismissal of state law contract claims when no federal claims remained in the case); *Kapoor v. Majors*, Nos. 99-1840, 99-1881, 2000 WL 628783 (4th Cir. May 16, 2000)(affirming district court's dismissal of legal malpractice claim for lack of subject matter jurisdiction).

As indicated above, Plaintiffs have paid the full filing fee, therefore, the provisions of the 28 U.S.C. § 1915 do not apply to this case. However, notwithstanding the Plaintiffs'

payment of the filing fee, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. *See also* Fed. R. Civ. P. 12(h)(3). Payment of the full filing fee does not cure lack of jurisdiction. *See Conner v. Greef*, No. 03-5986, 2004 WL 898866, at **1 (6th Cir. April 26, 2004); *Myers v. McKnight*, C/A No. 2:10-3259-RMG-RSC, 2011 WL 221867 at *7 (D.S.C. Jan. 5 2011). As the Plaintiffs' Complaint fails to include facts essential to establish federal question or diversity jurisdiction over the above-captioned case, the action is subject to dismissal.

## Recommendation

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. The Plaintiffs' attention is directed to the important Notice on the next page.

s/Bruce Howe Hendricks  
United States Magistrate Judge

May 19, 2011  
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).