IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2011 JUN -6  A 8: 26

| | |
|---|---|
| Harold G. Moultrie, and ) | |
| Dolly Moultrie, ) | |
|     Plaintiffs, ) | Case No. 2:11-cv-1097-RMG |
| ) | |
|     v. ) | **ORDER** |
| ) | |
| Allison Blankinship, ) | |
| Vanderbilt Mortgage, ) | |
| Joey Velez, ) | |
| Kershaw Spong, ) | |
| George J. Morris ) | |
| Charlie L. Whirl, ) | |
| Mikell R. Scarborough, ) | |
| Mickael D. Coleman, ) | |
| Coleman Law Firm, ) | |
| Ernie L. Mixon, ) | |
| North Charleston Planning Board, and ) | |
| Charleston Planning Board, ) | |
|     Defendants. ) | |

This matter is before the court in Plaintiffs's *pro se* civil action. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation. On May 19, 2011, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 10). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiff filed Objections to the Report. As explained herein, this Court has conducted a *de novo* review of the Record and agrees with the Magistrate Judge's Report and adopts it as the Order of this Court.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

After reviewing the record of this matter *de novo*, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections, the Court agrees with the conclusions of the Magistrate Judge. Here, the Court does not have jurisdiction to entertain this matter. Both Plaintiffs and several Defendants are residents of South Carolina. As a result, complete diversity does not exist. Further, from a thorough review of the record, it is clear that the allegations of the Complaint do not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, federal question jurisdiction does not exist either. The issues raised in the Complaint involve a routine contract dispute and allegations of legal malpractice. Generally, such issues are matter of state law and fall within the exclusive jurisdiction of state courts, unless diversity of citizenship is present. *See Tigrett v. Rector and Visitors of the University of Virginia*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law contract claims when no federal claims remained in the case);

*Kapoor v. Majors*, Nos. 99-1840, 99-1881, 2000 WL 628783 (4th Cir. May 16, 2000) (affirming district court's dismissal of legal malpractice claim for lack of subject matter jurisdiction).

Accordingly, the Court adopts the Report and Recommendation. Therefore, this matter must be dismissed without prejudice and without issuance and service of process. This complaint is dismissed without prejudice as this court is without jurisdiction to consider it.[1]

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 6, 2011
Charleston, South Carolina

---

[1] Plaintiff has attempted to file an amended complaint but the same problems exist with respect to it and this Court has no jurisdiction over this matter. Federal Court is not the proper forum for this action.